IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:24cr489-MHT |
| | ) | (WO) |
| SIMON ALVAREZ DELACRUZ | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial made by counsel for defendant Simon Alvarez DelaCruz. For the reasons set forth below, the court finds that jury selection and trial, now set for April 14, 2025, should be continued until May 12, 2025, pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared

>before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and DelaCruz in a speedy trial. Defense counsel made a motion to continue the trial for at least 60 days. She explained that she needs additional time to review the discovery with the

2

defendant and to likely negotiate a plea with the government.  Also, the government does not oppose the motion.  A continuance is warranted to allow sufficient time for defense counsel to effectively advise her client; however, the court does not believe 60 days are necessary.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Simon Alvarez DelaCruz's unopposed motion to continue trial (Doc. 56) is granted to the extent that the jury selection and trial, now set for April 14, 2025, are reset for May 12, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

(2) The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this the 25th day of March, 2025.

                                          /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE